638 A.2d 845

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ANTHONY CASTALDO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 1, 1994—Decided March 2, 1994.

*Susan L. Reisner,* Acting Public Defender, attorney for appellant (*Mark O. Norell,* Designated Attorney, on the brief).

*Robert W. Gluck,* Middlesex County Prosecutor, attorney for respondent (*Simon Louis Rosenbach,* Assistant Prosecutor, of counsel and on the letter brief).

Before Judges PRESSLER, BROCHIN and KLEINER.

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

Defendant Anthony Castaldo was charged with the third-degree crime of theft by deception, *N.J.S.A.* 2C:20-4, based on an alleged welfare fraud by which he obtained direct assistance, food stamps

and Medicaid payments from the Middlesex County Board of Social Services in an amount exceeding $500. Following a trial by jury, defendant was convicted of this offense and sentenced to a four-year probationary term subject to payment of restitution in the amount of $4,630.87. He appeals, and we reverse.

According to this record, defendant, who testified on his own behalf, had been employed as a school psychologist by the Union County Regional High School District for some twelve or thirteen years when his employment was terminated in April 1981. It was his belief that the termination was in retaliation for his "whistle-blowing" to state authorities on behalf of handicapped pupils. Although protracted litigation against the school district ensued, it appears that by the time of trial in 1991, defendant had never resumed any employment. Between the date of his termination and January 25, 1984, when he applied for welfare assistance, defendant suffered a variety of misfortunes in addition to the loss of his job. His marriage disintegrated, resulting in a divorce in 1982. His former wife, whom he had been trying to assist financially, became severely ill, was confined for a time at the Dallas Environmental Health Center with cardiac and kidney problems, and finally, in 1983, moved to Colorado on medical advice. She has, since then, been unable to work by reason of her disabilities. Defendant's three children, ages 9, 12, and 14 when the welfare application was made, had remained with their father, who was solely responsible for their support, although starting in 1984, each had spent some time in Colorado with their mother. By the time the application for welfare assistance was made, defendant had also exhausted his unemployment compensation benefits. He was distraught and dysfunctional. Based on the foregoing facts, defendant was granted welfare assistance in the form of a monthly grant, food stamps and Medicaid assistance from February 1984 to July 1985. The gravamen of the State's case was that defendant was not eligible for assistance at any time during the period he was receiving welfare payments because at all times he was either in receipt of income from his former

employment or had no children as part of his household, or was receiving unemployment compensation.

Prior to trial of this charge, defendant, who had never had any previous contact with the criminal justice system, applied for admission to the Middlesex County pretrial intervention program (PTI). He was conditionally admitted subject to his payment of restitution in the amount of some $12,000, the total amount of welfare benefits he had received. While he was willing to accept a restitutionary condition, he apparently contended at that time that that amount exceeded any sum he may have improperly obtained. It was thereafter represented to the trial judge by defendant's trial counsel that prior counsel had requested a hearing on the question of the quantum of restitution, but that such a hearing was denied. We are not told and the record does not indicate from whom the hearing was requested. Consequently, defendant was never enrolled in PTI and the matter proceeded to trial. The first trial resulted in a mistrial by reason of the jury's inability to agree on a verdict. This appeal is taken from the judgment following the second trial.

Although the State continued to assert at trial that defendant had received income from his former employer during four months of the welfare assistance period and that he was ineligible for assistance during those additional periods when his children were in Colorado with their mother, the trial judge ruled, on defendant's motion for acquittal following the close of all the proofs, that any apparent compensation defendant had received from his employer during that period was not income but rather payment of a back-pay claim which did not affect his eligibility. The court also ruled that there was no proof that the children did not constitute part of defendant's household even while they were in Colorado visiting their mother and attending school there. Accordingly, the trial judge concluded that the only portion of the State's claim as to which it had proved a prima facie case covered the six-month period of July 1984 to December 1984 during which defendant was allegedly receiving additional unemployment com-

pensation benefits and was, therefore, ineligible for welfare assistance. It was only that factual basis of the charge which was submitted to the jury, which returned a guilty verdict.

Defendant raises two objections to the judgment of conviction. He contends first that he was denied effective assistance of counsel in respect of his PTI application, and he also contends that the trial judge committed plain error in failing to charge the jury that it was required to determine the monetary amount involved in the theft.

We address first the issue of the charge. Defendant is quite correct in asserting that the judge, in explaining the elements of theft by deception, never referred to the amount involved and never instructed the jury that it was its obligation to determine the amount beyond a reasonable doubt. Indeed, the judge had a second opportunity to do so when he recharged the jury on the elements of theft by deception at its request during deliberations. Again he made no reference to the amount involved as an element of the offense. It is, however, clear that the amount involved in a theft is an element of the offense required to be determined by the jury. *N.J.S.A.* 2C:20–2b(4) expressly so provides. *See also State v. Ball*, 219 *N.J.Super.* 501, 510–511, 530 *A.*2d 833 (App.Div.1987); *State v. Burks*, 188 *N.J.Super.* 55, 60, 455 *A.*2d 1148 (App.Div.) *certif. denied*, 93 *N.J.* 285, 460 *A.*2d 684 (1983). Failure to instruct the jury as to an element of the crime ordinarily constitutes reversible error. *See, e.g., State v. Green*, 86 *N.J.* 281, 430 *A.*2d 914 (1981). We continue to adhere, moreover, to the principle that erroneous jury instructions are "almost invariably regarded" as "poor candidates for rehabilitation under the harmless error philosophy." *State v. Vick*, 117 *N.J.* 288, 289, 566 *A.*2d 531 (1989).

We reject the State's contention that the error in the charge was cured by the fact that the verdict sheet given to the jury described the offense charged as "theft by deception in a value in excess of $500 from the Middlesex County Board of Social Services...." Particularly in view of the subsequent recharge to the

jury on the elements of the offense, which excluded amount, we cannot fairly say that the jury understood from the verdict sheet that *it* was required to find the amount involved beyond a reasonable doubt. Finally, we are aware, as the State points out, of our option to downgrade the conviction rather than reversing and remanding. We decline to do so here since we are satisfied that the interests of justice would not thereby be best served.

With respect to the PTI issue defendant raises, we note at the outset that the nature of the issue may well be misperceived, a problem perhaps contributed to both by the prosecutor and the trial judge on defendant's post-trial motion for vacation of the verdict. At that time counsel sought an order directing defendant's enrollment into PTI subject to the restitutionary amount as fixed by the court, which had been limited to that portion of the State's claim submitted to the jury. Counsel then explained that defendant, who had always been willing to pay a fair restitutionary amount, had been denied his original request for a hearing to challenge what he regarded as the excessive amount demanded by the prosecutor. At that point the prosecutor argued that the issue was foreclosed because of defendant's failure to have appealed at that time. The judge promptly agreed, noting that

> The problem is the remedy, at that time, would have been—would have been—would have been to appeal the requirement of $12,000, whatever, restitution. That was not appealed. This matter was tried before a jury. . . . While this Court may feel that the defendant perhaps should have been given a more accurate number as to restitution, at the time, I think my hands are tied with regard to accepting the jury verdict vis-a-vis the one time PTI conditions.

Accordingly, the PTI issue is now framed in terms of counsel's ineffective representation by reason of the failure to have appealed either from the original restitutionary condition or the denial of a hearing to determine it.

The record, as we have noted, is unclear as to whether a hearing as to the amount of restitution was requested from the prosecutor or the trial judge. Hence we do not know and are not told if the appeal which assertedly should have been taken was an appeal to this court or to the Law Division. In the end, however,

we do not regard that question as dispositive. If the appeal to which both parties and the trial judge referred were an appeal to this court, it is clear that such an appeal as of right did not lie. First, because the disposition was interlocutory, leave to appeal would in any event have been required. But beyond that, even the right to seek an interlocutory appeal is withheld from defendants aggrieved by a PTI determination. This was expressly provided for by the 1982 amendment of *R.* 3:28 (Pretrial Intervention Programs), which added subparagraphs (f) and (g), stipulating, respectively, that only the prosecutor may seek leave to appeal from the Law Division's adverse determination of a PTI review; an aggrieved defendant, on the other hand, may appeal from an adverse determination only after judgment of conviction.

■ If, however, defendant had never sought review of the prosecutor's adverse determination by the Law Division, we also do not believe that he would be foreclosed from raising that issue on direct appeal from the judgment of conviction. In this regard, we note that subparagraphs (f) and (g), read together, do not condition post-conviction appellate review of an adverse prosecutorial decision on an intervening Law Division affirmance thereof, and under the circumstances of this case, we are satisfied that it would be unjust to imply such a prerequisite condition.

■ We therefore opt to address the merits of the PTI decision. At the outset, we concur in the prosecutor's preliminary determination that under the totality of the circumstances here, defendant was an appropriate candidate for PTI and that diversion from the criminal justice system and avoidance of the stigma and other adverse consequences of a conviction were intended for just such a case as this. We also concur with the prosecutor's determination that restitution in the precise amount improperly obtained from the Social Service Board was an appropriate condition of PTI. There was, however, a bona fide disagreement between the prosecutor and the defendant as to what that amount was. We are quite satisfied that it was never the prosecutor's intention to fix restitution in an amount.in excess of improperly obtained amounts.

As a result of the ensuing events, it was judicially established that defendant was entitled to welfare benefits for at least part of the time during which he was receiving them. The amount improperly obtained has now been judicially determined. Under these circumstances we are persuaded that as a matter of fundamental fairness defendant is entitled to prosecutorial reconsideration of the original PTI decision and, more particularly, of the restitutionary condition thereof.

In the event the prosecutor's reconsideration results in defendant's admission into PTI, further proceedings against him shall be held in abeyance, and if he successfully completes the program, or is deemed at this juncture to have done so, then the charges shall be dismissed, all in accordance with R. 3:28.

The conviction appealed from is reversed. We remand for reconsideration of the PTI determination by the prosecutor and for further proceedings consistent with this opinion.